# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID MEYERS, | * | |
| Petitioner, | * | Civil Action No. ELH-18-2918 |
| v | * | |
| U.S. DISTRICT COURT BALTIMORE, DIVISION, COMMISSIONER SOCIAL SECURITY ADMINISTRATION, ACTING COMMISSIONER, NANCY A. BERRYHILL, | * | |
| Respondents | * | |

## MEMORANDUM

David Meyers is incarcerated at Red Onion State Prison in Virginia. On January 12, 2018, he filed a Petition for Writ of Mandamus (ECF 1) and a Motion to Proceed in Forma Pauperis. ECF 2. Because Myers indicates that he has no assets and is unable to pay the filing fee, I shall grant leave to proceed in forma pauperis.

**1. Background**

Meyers' Petition seeks to compel the Commissioner of the Social Security Administration ("SSA") to recalculate the "full back payment" allegedly owed to him. He also seeks a hearing on his "appeal" from determinations rendered by Acting Commissioner Nancy Berryhill's and U.S. Magistrate Judge Stephanie Gallagher, denying him the social security benefit payments he alleges were owed to him from "January 1997 to October 2011 to February 2012," before he was incarcerated. ECF 1 at 2. In addition, Meyers asks that he be awarded deductions for his room and board, and claims this Court did not process and "receipt" his Federal Tort Claim for $90,000 in back payments owed to him. *Id.*

2. **Final Agency Decision**

Meyers' claims in this Petition are related to his earlier case, Civil Action No. ELH-18-129, *Meyers v. Berryhill* (D. Md.). In that case, Myers filed an action pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g); § 1383(c)(3), for review of a final decision of the Commissioner, who had denied his application for Supplemental Security Income ("SSI") payments. Meyers raised two questions for review: 1) whether his right to due process was violated when the ALJ failed to reopen his Title XVI application, filed on January 3, 1997; and 2) whether the SSA erred in calculating his SSI payments for the period between October 2011 and February 2012. Civil Action No. ELH-18-129, *Meyers v. Berryhill* (D. Md.), ECF 1, ECF 5, ECF 27 at 3.

On September 11, 2018, Magistrate Judge Stephanie Gallagher issued a Report and Recommendations (ECF 27), recommending denial of Meyer's Motion for Summary Judgment (ECF 19); granting the SSA's Motion for Summary Judgment (ECF 23); and affirming the SSA's final decision. On September 19, 2018, Meyers filed an Objection to the Report and Recommendations (ECF 28) and a Motion for Relief under Fed. R. Civ. P. 60. ECF 29. And, on September 28, 2018, he filed another response. ECF 30. That matter is pending.

3. **Petition for Writ of Mandamus**

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. Mandamus is a drastic remedy used only in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402, (1976); *United States v. Moussaoui,* 333 F.3d 509, 516–17 (4th Cir. 2003). Mandamus relief may be obtained only when the petitioner has a clear right to the relief sought and there is no other

available remedy. *In re Braxton,* 258 F.3d 250, 261 (4th Cir. 2001); *In re First Fed. Sav. & Loan Ass'n,* 860 F.2d 135, 138 (4th Cir. 1988). Only "exceptional circumstances" amounting to "a judicial usurpation of power" or a "clear abuse of discretion" will justify the award of mandamus. *Cheney v. U.S. District Court for the District of Columbia,* 542 U.S. 367, 380 (2004). Of import here, mandamus relief is not a substitute for appeal. *In re United Steelworkers,* 595 F.2d 958, 960 (4th Cir.1979). The party seeking mandamus relief has the heavy burden of showing that he has no other adequate avenues of relief and that his right to the relief sought is "clear and indisputable." *Mallard v. United States Dist. Court,* 490 U.S. 296, 309 (1989).

In order for a writ of mandamus to issue against federal officials a petitioner must show that he has the clear and indisputable legal right to the relief sought; respondent has a legal duty to do the particular act requested; the act requested is an official act or duty; there are no other adequate means to attain the relief he seeks; and the issuance of the writ will effect right and justice in the circumstances. *See Kerr*, 426 U.S. at 403. Failure to satisfy these prerequisites defeats a district court's jurisdiction under 28 U.S.C. 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F.Supp. 889, 898 (E.D.Va.1993).

Mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts where the obligation to act is peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable. *See Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina,* 551 F.2d 559, 562 (4th Cir.1977); *Shoshone–Bannock Tribes v. Reno*, 56 F.3d

1476, 1480 (D.C.Cir.1995); *First Fed. Sav. & Loan Ass'n. v. Baker*, 860 F.2d 135, 138 (4th Cir.1988).

In his Petition, Meyers does not establish that he has a clear right to the relief he requests or that Respondents have a clear duty to perform a ministerial action. Rather, Meyers is attempting to circumvent the Commissioner's final decision and Magistrate Judge Gallagher's Report and Recommendations, to which he last objected on September 28, 2018. The time for defendants to reply in that case has not yet expired.

As indicated, mandamus is not a substitute for appeal. Notably, Meyers has other means to secure the relief he is seeking, as evidenced by his filing of an objection to the Report and Recommendations in the underlying case.

### 4. Conclusion

Meyers does not satisfy the heavy burden of showing that he has no other adequate avenues of relief and that his right to the relief sought is clear. Accordingly, I will deny the Petition for Writ of Mandamus in a separate Order that follows.

October 9, 2018                       /s/
Date                                         Ellen L. Hollander
                                              United States District Judge